UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOAO TOVAR, ) | |
| ) | |
|       PLAINTIFF ) | |
| ) | |
| v. ) | CIVIL NO. 2:12-CV-175-DBH |
| ) | |
| ROBERT INDIANA, ) | |
| ) | |
|       DEFENDANT ) | |

### ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE

In this lawsuit, Monaco resident and art dealer Joao Tovar sues Vinalhaven resident and artist Robert Indiana for damages. Tovar claims that Indiana severely diminished the value of Tovar's "PREM" sculptures, by allegedly reneging on a 2007 licensing agreement between Indiana and John Gilbert, by which Gilbert, according to Tovar, was authorized to produce the sculptures as Indiana works. Indiana has moved both to dismiss the lawsuit and to transfer the lawsuit to the Southern District of New York. I **GRANT** the motion to transfer venue[1] and do not rule on the motion to dismiss, leaving it for the transferee court.

### BACKGROUND

Indiana is famous for his "LOVE" works of art, where the letters "LO" are stacked over "VE" and the "O" leans to the right. "PREM" uses Latin letters for

---

[1] The motion requests assignment to a particular judge in the Southern District of New York, but the applicable statute authorizes me only to designate the District, not the judge. Case assignment is up to the Southern District of New York.

the Hindi Sanskrit word for "love."  John Gilbert has created sculptures of those stacked letters and attributed them to Indiana.  According to the Complaint, Tovar bought some of those sculptures from John Gilbert for substantial sums, believing that Indiana had licensed Gilbert to create them on his behalf, and that he had a certificate of authenticity from Indiana.  Then in 2009, Indiana disavowed the PREM works as Indiana works.  As a result, Tovar's sculptures became worthless.

Gilbert himself filed a lawsuit against Indiana in the Southern District of New York.  Judge Forrest of that District granted summary judgment to Indiana in a written opinion in March of this year.  Gilbert v. Indiana, No. 09 CV 6352(KBF), 2012 WL 688811, at *1 (S.D.N.Y. Mar. 2, 2012).  She is thus familiar with the underlying dispute, and maintains continuing jurisdiction over a later settlement agreement.  Tovar filed this lawsuit in the Maine Superior Court (Knox County) on May 2, 2012.  He has a number of claims, some of them arising out of the underlying 2007 licensing agreement between Gilbert and Indiana.  (Tovar previously filed a lawsuit against Indiana in the Southern District of New York, but there he based jurisdiction on diversity of citizenship and named another defendant who, like Tovar, was an alien.  The court dismissed the lawsuit without prejudice for lack of jurisdiction, because aliens were on both sides of the controversy.  Tovar v. Indiana, No. 11 Civ. 776 (DAB), 2011 WL 5423161, at *2 (S.D.N.Y. Nov. 8, 2011) (Batts, J.).  Indiana removed the Knox County lawsuit to this federal court, then filed a motion to dismiss and a motion to transfer venue to the Southern District of New York.

**TRANSFER**

Congress has provided that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As I said in <u>Edens Technologies, LLC v. Kile, Goekjian, Reed & McManus, PLLC</u>, 671 F. Supp. 2d 170, 173 (D. Me. 2009):

> Factors to be considered in transferring a case include not only the convenience of the parties and witnesses but also "the availability of documents." There is additionally, in the First Circuit, "a strong presumption in favor of the plaintiff's choice of forum." Nonetheless, that presumption is not determinative and may be outweighed by the interest of justice or by the convenience of the parties and witnesses . . . .

(internal citations omitted.) Here, it is undisputed that this lawsuit could have been brought against Indiana in federal court in New York. (Federal jurisdiction now is premised on federal law questions raised in the Complaint. In addition, because Tovar has dropped the alien defendant, the lawsuit could have been filed in federal court based on diversity of citizenship.) There is no assertion that Maine is somehow more convenient to Tovar, a Monaco resident, than is New York. The only witness from Maine is Indiana himself, and he is the one who seeks to have the lawsuit heard in New York. In today's digital world, the location of documents is hardly relevant any longer. Most importantly, the judges of the Southern District of New York are already familiar with the Gilbert/Indiana agreement and relationship. Indeed, Judge Forrest's opinion refers several times to the transactions with Tovar. The Southern District of New York has recognized in a previous case that, although

a plaintiff's choice of forum is important, the existence of a related lawsuit in the transferee forum "weights heavily toward transfer."  CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC, 396 B.R. 602, 608 (S.D.N.Y. 2008) (Rakoff, J.); accord United States v. Burns, No. 5:08CV3, 2008 WL 5263743, at *3 (N.D.W.Va. Dec. 18, 2008).

I conclude that here the interest of justice—the Southern District of New York's familiarity with the dispute—outweighs the plaintiff's choice of forum and calls for transfer to the Southern District of New York.  The other factors, convenience of parties and witnesses, are neutral.

The motion to transfer is **GRANTED**.[2]  I take no action on the motion to dismiss.

SO ORDERED.

DATED THIS 9TH DAY OF AUGUST, 2012

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] I do not rely on 28 U.S.C. § 1406 or on the forum selection clause in the licensing agreement.

4